1  Elizabeth J. Arleo (Bar No. 201730)
   ARLEO LAW FIRM, PLC
2  1672 Main St., Suite E, PMB 133
   Ramona, California 92065
3  Tel: (760) 789-8000
   Fax: (760) 789-8081
4  Email: elizabeth@arleolaw.com

5  Attorney for Plaintiff Damian M. Miranda

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  DAMIAN M. MIRANDA, an individual,    )  Case No.:
                                          )
12                 Plaintiff,             )  **COMPLAINT FOR DAMAGES**
                                          )
13                                        )     1. **VIOLATION OF THE FEDERAL**
                                          )        **FAIR DEBT COLLECTION**
14  v.                                    )        **PRACTICES ACT**
                                          )     2. **VIOLATION OF CALIFORNIA'S**
15                                        )        **ROSENTHAL FAIR DEBT**
                                          )        **COLLECTION PRACTICES ACT**
16  LAW OFFICE OF D. SCOTT                )
    CARRUTHERS, a general partnership, and)
17  DENNIS SCOTT CARRUTHERS,              )
                                          )  **DEMAND FOR JURY TRIAL**
18                 Defendants.            )
                                          )
19                                        )
                                          )
20                                        )
                                          )
21  _____  )

22

23

24

25

26

27

28

_____
                   COMPLAINT FOR DAMAGES

Plaintiff, Damian M. Miranda, based on information and belief and investigation of counsel, except for those allegations which pertain to the Plaintiff or his attorney (which are alleged on personal knowledge), hereby makes the following allegations:

## GENERAL ALLEGATIONS

1.      This action arises from Defendants' attempts to collect an alleged consumer debt in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, California Civil Code §§1788-1788.32 ("CA FDCPA").

2.      The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. 15 U.S.C. §§1692(a) - (e).

3.      In the Ninth Circuit, the impact of the language used by debt collectors is judged from the perspective of the least sophisticated debtor in our society. *Swanson v. Southern Oregon Credit Servs., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

4.      The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair and deceptive acts or practices.

COMPLAINT FOR DAMAGES

5. Plaintiff brings this action to challenge the misconduct of Defendants with regard to Defendants' attempts to unlawfully, oppressively, fraudulently, and/or maliciously collect an alleged debt claimed to be owed to CashCall, Inc. ("CashCall") and/or Allwell Financial Services Inc. ("Allwell Financial") by Plaintiff which caused Plaintiff actual and statutory damages.

## PARTIES

6. Plaintiff is a natural person residing in Bakersfield, in Kern County, and the State of California.

7. Plaintiff was obligated or allegedly obligated to pay a debt, and is, therefore a "consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA and a "debtor" as that term is defined by Cal. Civ. Code §1788.2(h) of the CA FDCPA.

8. Defendant LAW OFFICE OF D. SCOTT CARRUTHERS, is or was at all relevant times, a general partnership with its principal place of business located at 8448 Katella Blvd., Stanton, California, 90680.

9. Defendant LAW OFFICE OF D. SCOTT CARRUTHERS uses an instrumentality of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. Defendant LAW OFFICE OF D. SCOTT CARRUTHERS is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

11. Defendant LAW OFFICE OF D. SCOTT CARRUTHERS is a "debt collector" as defined by the CA FDCPA, Cal. Civil. Code §1788.2(c).

12. Defendant DENNIS SCOTT CARRUTHERS, is a natural person, a licensed attorney in the State of California. At all relevant times, DENNIS SCOTT CARRUTHERS is or was an employee, agent and/or general partner of LAW OFFICE OF D. SCOTT CARRUTHERS.

13. DENNIS SCOTT CARRUTHERS is a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

COMPLAINT FOR DAMAGES

14.     DENNIS SCOTT CARRUTHERS is liable for the acts of LAW OFFICE OF D. SCOTT CARRUTHERS because he is a general partner of LAW OFFICE OF D. SCOTT CARRUTHERS; sets and approves of LAW OFFICE OF D. SCOTT CARRUTHERS's collection policies, practices and procedures; and, directed the unlawful activities described herein.

15.     At all times herein mentioned, DENNIS SCOTT CARRUTHERS was an officer, director, agent, servant, employee, partner and/or joint venture of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, partnership, agency, service, employment and/or joint venture.  Any reference to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

16.     All acts of corporate employees as alleged herein were authorized or ratified by an officer, director or managing agent of LAW OFFICE OF D. SCOTT CARRUTHERS.

## JURISDICTION AND VENUE

17.     This Court has jurisdiction over this action pursuant to 15 U.S.C. §1692k(d), and 28 U.S.C. §1331.  Supplemental jurisdiction for the state law claims arises pursuant to 28 U.S.C. §1367.

18.     Venue is proper in this district under 28 U.S.C. §1391(b) because Plaintiff lives in this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

19.     Personal jurisdiction is established because Defendants reside in and do business in this district and throughout the State of California.

## FACTUAL ALLEGATIONS

20.     Sometime in or after March 2007, Plaintiff borrowed approximately $2,500 from CashCall which he used for personal, family or household purposes.  Plaintiff encountered financial difficulties, including the loss of employment.  He was unable to make the monthly

COMPLAINT FOR DAMAGES

payments and meet CashCall's demands for *99% annual interest rate* charged by CashCall.  By 2008, Plaintiff was in default on the loan.

21.    This case involves money, property or other equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civil Code §1788.2(f).

22.    Sometime before April 12, 2010, the alleged debt was purchased by, assigned, or otherwise obtained by Defendant for collection.

23.    On or about April 12, 2010, Plaintiff received a dunning letter from Defendants seeking to collect a debt allegedly owed to CashCall and/or Allwell Financial.  A true and correct copy of Defendants' April 12, 2010 letter is attached hereto as Exhibit 1.

24.    Defendants' April 12, 2010 letter is a "communication" as that term is defined by 15 U.S.C. §1692a(2) because it conveyed information regarding the alleged debt directly to Plaintiff through a written letter sent via the U.S. Mail.

25.    Defendants' letter states, in pertinent part:

**NOTICE OF PENDING COURT PROCEEDINGS**
**Principal: $2,044.86 Interest: $3,859.97  Total: $6,174.83**
**CREDITOR: Cash Call, Inc. ACCT NUMBER: [REDACTED]**

* * *

I have been retained by Allwell Financial Svcs Inc. to file a lawsuit against you on their behalf, as a final means to collect your delinquent account.  Since they have approved legal action to be taken, and in compliance with 1033(b)(2) of the California State Code of Civil Procedure, you are hereby formally notified of such legal action.

If this suit results in a judgment, the balance will increase as you will be liable for all court costs, attorney fees, back interest, and service costs.  When the judgment is obtained it will legally give me the right to seek and attach any real or personal assets that you may own.

If you dispute this debt, you must provide my office with 30 days, a detailed letter with documentation substantiating the nature of said dispute.  If I do not receive a written "NOTICE OF DISPUTE" and

-5-

or you do not call to make arrangements to pay the amount in full, within the stated time, the debt will be assumed to be valid and I will name all parties as defendants in the lawsuit.  If you dispute the debt in writing, we will provide you with verification of the debt and the name of the original creditor.

*See* Defendants' April 12, 2010 letter, attached hereto as <u>Exhibit 1</u>.

**FDCPA VIOLATIONS RESULTING FROM DEFENDANT'S PRIVACY NOTICE**

26. The FDCPA provides:

**§1692e.  False or misleading representations [Section 807 of P.L.]**

*A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

\* \* \*

*(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . . .*

27.     The hypothetical least sophisticated debtor would be deceived and/or misled by the statements contained in Defendants' letter attached hereto as <u>Exhibit 1</u>.

28.     At the time of Defendants' April 12, 2010 letter, no lawsuit was "pending" as stated in the letter.  The least sophisticated debt would be misled into believing that a lawsuit had been filed at the time the letter was sent.   The statement that a lawsuit was already "pending" violates 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

29.     In violation of 15 U.S.C. §1692f(1), Defendants' April 12, 2010 letter improperly seeks to collect any amount not authorized by the agreement creating the debt or permitted by law.

30.     In violation of 15 U.S.C. §1692g, Defendants' April 12, 2010 letter fails to contain an accurate 30-day validation notice. Defendants' letter erroneously states that if Plaintiff disputed the alleged debt, he must send a "detailed letter with documentation substantiating the

nature of the said dispute."  Section 1692g(a)(3) does not required a consumer to send a "detailed letter" or "documentation substantiating the nature of the said dispute" in order to dispute the alleged debt.

31.    In violation of 15 U.S.C. §1692g(a)(4), Defendants' April 12, 2010 letter fails to inform Plaintiff that Defendants would send him a copy of the verification or judgment against her if he requested verification of the alleged debt in writing

### ***CAUSES OF ACTION CLAIMED AGAINST DEFENDANTS***

### **FIRST CAUSE OF ACTION**
**(Violations of the Fair Debt Collection Practices Act (FDCPA)**
**15 U.S.C. §§1692, *et seq*. against all Defendants)**

32.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.    Plaintiff allegedly incurred a financial obligation for primarily personal, family or household purposes that is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

34    Plaintiff is informed and believes that Defendants violated the following provisions of the FDCPA, including but not limited to:

(a)    15 U.S.C. §1692e(10) by using any false, deceptive, or misleading representation or means in connection with the debt by misrepresenting Plaintiff's right to dispute the alleged debt.  Defendants' April 12, 2010 letter, attached hereto as Exhibit 1, falsely represents that: (i) a lawsuit against Plaintiff was "pending" at the time the letter was sent; and (ii) that Plaintiff was required to provide Defendants with a "detailed letter with documentation substantiating the nature of the said dispute."

(c)    15 U.S.C. §1692f by using any unfair or unconscionable means to collect or attempt to collect the alleged debt;

(d)    15 U.S.C. §1692f(1) by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law;

(e)    15 U.S.C. §1692g(a)(3) by failing to provide Plaintiff with an accurate 30-day validation notice within five days of the initial communication, in violation of 15

U.S.C. §1692g; Defendants' letter erroneously states that if Plaintiff disputed the alleged debt, he must send a "detailed letter with documentation substantiating the nature of the said dispute." Section 1692g(a)(3) does not required a consumer to send a "detailed letter" or "documentation substantiating the nature of the said dispute" in order to dispute the alleged debt; *and*

(f)     15 U.S.C. §1692g(a)(4) by failing to inform Plaintiff that Defendants would send him a copy of the verification or judgment against her if he requested verification of the alleged debt in writing.

35.     As a result of Defendants' violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and is therefore entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. §1692k(a)(3), from Defendants.

## SECOND CAUSE OF ACTION
**(Violation of the Rosenthal Fair Debt Collection Practices Act California Civil Code §§1788, *et seq.* (CA FDCPA) against Defendant LAW OFFICE OF D. SCOTT CARRUTHERS)**

36.     Plaintiff incorporates by reference the preceding paragraphs, as though set forth in full herein and further alleges as follows.

37.     This case involves money, property or other equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civil Code §1788.2(f).

38.     The foregoing acts and/or omissions of LAW OFFICE OF D. SCOTT CARRUTHERS constitute numerous and multiple violations of the CA FDCPA, including but not limited to the following actions taken against Plaintiff:

(a)     LAW OFFICE OF D. SCOTT CARRUTHERS violated California Civil Code §1788.13(e) by making the false representation that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance

1  charges, or other charges if, in fact, such fees or charges may not legally be added to the

2  existing obligation in violation of the CA FDCPA;

3        (b)    LAW OFFICE OF D. SCOTT CARRUTHERS violated California Civil

4  Code §1788.13(j) by the false representation that a legal proceeding has been, is about to

5  be, or will be instituted unless payment of a consumer debt is made; ***and***

6        (c)    LAW OFFICE OF D. SCOTT CARRUTHERS violated California Civil

7  Code §1788.17 by failing to comply with the FDCPA as alleged above.

8      39.    As a result of Defendants' violations of the CA FDCPA, Plaintiff has suffered out-

9  of-pocket expenses and is entitled to actual damages pursuant to California Civil Code

10  §1788.30(a), statutory damages for a knowing or willful violation pursuant to California Civil

11  Code §1788.30(b), and reasonable attorneys' fees and costs pursuant to California Civil Code

12  §1788.30(c) from LAW OFFICE OF D. SCOTT CARRUTHERS.

13                      **PRAYER FOR RELIEF**

14  WHEREFORE, Plaintiff prays that judgment be entered as follows:

15              Fair Debt Collection Practices Act

16      a)    An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) in an amount to

17  be determined at trial;

18      b)    An award of statutory damages of $1,000 per violation pursuant to 15 U.S.C.

19  §1692k(a)(2)(A);

20      c)    An award of costs of litigation and reasonable attorneys' fees pursuant to 15

21  U.S.C. §1692k(a)(3) against Defendants in an amount to be determined at trial;

22      d)    For any other relief that the court deems just and proper.

23          California's Rosenthal Fair Debt Collection Practices Act

24      e)    For an award of actual damages pursuant to California Civil Code §1788.30(a)

25  against all LAW OFFICE OF D. SCOTT CARRUTHERS in an amount to be determined at trial;

26      f)    For an award of statutory damages statutory damages of $1,000 per violation

27  pursuant to California Civil Code §1788.30(b);

28

COMPLAINT FOR DAMAGES

1    g)    For an award of costs of litigation and reasonable attorneys' fees pursuant to

2  California Civil Code § 1788.30(c); and

3    h)    For any other relief that the Court deems just and proper.

4                               <u>TRIAL BY JURY</u>

5    Plaintiff is entitled to and demands a trial by jury.

6  Dated: August 17, 2010                    ARLEO LAW FIRM, PLC
                                             Elizabeth J. Arleo
7
                                             _____s/Elizabeth J. Arleo_____
8                                             ELIZABETH J. ARLEO

9                                             1672 Main St., Suite E, PMB 133
                                             Ramona, CA 92065
10                                            Tel: (760) 789-8000
                                             Fax: (760) 789-8081
11

12                                            Attorney for Plaintiff Damian M. Miranda

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES