UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIAN M. MIRANDA, an individual<br><br>        Plaintiff,<br><br>v.<br><br>LAW OFFICE OF D. SCOTT CARRUTHERS,<br>a general partnership, DENNIS<br>SCOTT CARRUTHERS,<br><br>        Defendants. | 1:10-cv-01487 OWW SMS<br><br>MEMORANDUM DECISION AND ORDER<br>RE PLAINTIFF'S MOTION TO<br>STRIKE AND MOTION FOR PARTIAL<br>SUMMARY JUDGMENT<br><br>(DOCS. 7, 22) |

I.   INTRODUCTION

Plaintiff Damian M. Miranda ("Plaintiff") proceeds with this action for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788-1788.30 ("CA FDCPA") against Law Office of D. Scott Carruthers ("Defendant Law Office") and Dennis Scott Carruthers ("Defendant Carruthers") (together, "Defendants"). Before the court are Plaintiff's motion to strike Defendants' affirmative defenses (Doc. 7) and Plaintiff's motion for partial summary judgment (Doc. 22). Defendants filed a notice of non-opposition to Plaintiff's motion to strike (Doc. 18) and an opposition to Plaintiff's motion for partial summary judgment (Doc. 25), to which Plaintiff replied (Doc. 27).

1

1

2

II.   <u>MOTION TO STRIKE</u>

3

A.   <u>LEGAL STANDARD</u>

4

Federal Rule of Civil Procedure 12(f) provides that a court

5

"may strike from a pleading an insufficient defense. . .." Fed.

6

R. Civ. P. 12(f). An affirmative defense is insufficiently pled

7

if it does not give the plaintiff fair notice of the nature of

8

the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th

9

Cir. 1979). The function of a Rule 12(f) motion to strike is to

10

avoid the expenditure of time and money that might arise from

11

litigating spurious issues by dispensing with those issues prior

12

to trial. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.

13

1993), *rev'd on other grounds, Fogerty v. Fantasy, Inc.,* 510 U.S.

14

517, 114 S.Ct. 1023 (1994).

15

16

B.   <u>ANALYSIS</u>

17

Plaintiff moves to strike Defendants' twenty-three

18

affirmative defenses raised in Defendants' Answer to Plaintiff's

19

Complaint:

20

    1. The Plaintiff and each of its claims alleged therein do
21 not state facts sufficient to constitute a claim against D.
Scott Carruthers and Law Offices of D. Scott Carruthers upon
22 which relief may be granted.

23

    2. Any recovery against D. Scott Carruthers and Law Offices
24 of D. Scott Carruthers, if any, must be reduced to the
extent Plaintiff has failed to mitigate, minimize or avoid
25 damages for which recovery is sought herein.

26

    3. Plaintiff's claim against D. Scott Carruthers and Law
27 Offices of D. Scott Carruthers may be barred or limited, in

28

2

whole or in part, by the doctrine of waiver, unclean hands, laches and/or estoppel.

4. Plaintiff's causes of actions are barred by the applicable statute of limitations.

5. Plaintiff's causes of action are barred by accord and satisfaction.

6. Plaintiff's causes of action are barred by the doctrine of release.

7. Any recovery against D. Scott Carruthers and Law Offices of D. Scott Carruthers, if any, must be reduced to the extent Plaintiff owed money which was the basis of the Action being filed.

8. Plaintiff's causes of action are barred against D. Scott Carruthers and Law Offices of D. Scott Carruthers because it had a good faith belief in the validity of the claims being asserted against crosscomplainant.

9. Plaintiff's complaint is barred by the failure to comply with the mandatory provisions of CCP § 428.50(a).

10. The alleged actions of D. Scott Carruthers and Law Offices of D. Scott Carruthers were proper and did not violate any provision of Fair Credit Reporting or Fair Debt Collection.

11. The alleged actions of D. Scott Carruthers and Law Offices of D. Scott Carruthers were proper and did not violate any provision of the California Rosenthal Act, California Civil Code § 1788 et seq.

12. That at all times mentioned in the cross-complaint, D. Scott Carruthers and Law Offices of D. Scott Carruthers acted lawfully and with his legal rights with a good faith belief in the exercise of that right, and in furtherance of a legitimate business purpose. Further, D. Scott Carruthers and Law Offices of D. Scott Carruthers acted in good faith in the honest belief that the acts, conduct and communications, if any, of D. Scott Carruthers and Law Offices of D. Scott Carruthers were justified under the circumstances based upon information reasonably available to him.

3

13. Plaintiff failed to give D. Scott Carruthers and Law Offices of D. Scott Carruthers the right to arbitrate.

14. Assuming arguendo that D. Scott Carruthers and Law Offices of D. Scott Carruthers violated a statute alleged in the complaint, which proposition D. Scott Carruthers and Law Offices of D. Scott Carruthers denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

15. At all times mentioned in the complaint, D. Scott Carruthers and Law Offices of D. Scott Carruthers maintained reasonable procedures created to prevent any type of intentional violations of the Fair Debt Collection Practices Act.

16. The alleged actions of D. Scott Carruthers and Law Offices of D. Scott Carruthers were not accompanied by actual malice, intent to harm or injure and/or will to or toward Defendant.

17. D. Scott Carruthers and Law Offices of D. Scott Carruthers alleges that if Defendant, or either of them, were damaged in any sum or the sums alleged, which damage D. Scott Carruthers and Law Offices of D. Scott Carruthers denies, the Defendant's damages, and each of them, are limited by and to those provided for by 15 U.S.C. § 1692K(a), and each of its sub-parts.

18. Any damages suffered by Defendant, or each of them, were caused by or contributed to by the conduct of Defendant and/or their agents, servants, employees, or representatives, and were not caused by the acts or omissions of D. Scott Carruthers and Law Offices of D. Scott Carruthers, or its agents, servants, employees, or representatives, and therefore Defendant claims for damages, if any, which are expressly denied, are barred by or must be reduced by the percentages of fault attributable to Defendant, or each of them.

19. Any injury or damage suffered or sustained by Defendant, or each of them, was in whole or in part proximately caused by persons or entities other than D. Scott Carruthers and Law Offices of D. Scott Carruthers.

20. Defendant's damages, if any, were caused by intervening and/or supervening causes, and were not caused by D. Scott

4

Carruthers and Law Offices of D. Scott Carruthers.

21. Any liability of D. Scott Carruthers and Law Offices of D. Scott Carruthers, which is expressly denied, is solely vicarious, imputed, or imposed by law. Defendant's damages, if any, which are expressly denied, must be reduced by the percentage of fault attributable to the acts or omissions of all other persons, whether or not such persons are parties.

22. Defendant claims are barred or reduced by the doctrine of offset.

23. D. Scott Carruthers and Law Offices of D. Scott Carruthers alleges that if cross-complainant, or either of them, were damaged in any sum or the sums alleged, which damage D. Scott Carruthers and Law Offices of D. Scott Carruthers denies, the Defendant's damages, and each of them, are limited by and those to provided for by California Civil Code § 1788.30(a) and § 1788.30(b).

Doc. 6, 8-11.

Plaintiff contends that the affirmative defenses are not pled with sufficient particularity to provide Plaintiff with fair notice of the defenses being advanced and do not raise the alleged defenses beyond the speculative level. Defendants filed a notice of non-opposition to Plaintiff's motion to strike its affirmative defenses. (Doc. 18). Absent opposition, Plaintiff's motion to strike is GRANTED.

### III. MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff moves for partial summary judgment as to liability under the FDCPA and CA FDCPA. Plaintiff reserves the issue of damages, attorney's fees, and costs for trial.

5

## A.   FACTUAL BACKGROUND

Plaintiff is a natural person from whom Defendant Law Office Carruthers sought to collect a debt allegedly owed to Allwell Financial Services Inc. (SUMF ¶ 1). Plaintiff is a "debtor" as defined by California Civil Code section 1788.2(h). (SUMF ¶ 2).

Defendant Law Office sent Plaintiff a letter on April 12, 2010. (SUMF ¶ 10). The letter is a "communication" as that term is defined in 15 U.S.C. §1692a(2). (SUMF ¶ 3). The obligation that Defendant Law Office sought to collect from Plaintiff is a "debt" as defined by § 1788.2(d) of the CA FDCPA and § 1692a(5) of the FDCPA. (SUMF ¶¶ 4, 5).

Defendant Law Office regularly engages in debt collection on its own behalf or on behalf of others. (SUMF ¶ 9). Defendant Law Office is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) of the federal FDCPA. (SUMF ¶ 7). Defendant Carruthers is the sole principal, officer, director and employee, agent or other person of Defendant Law Office who prepared, reviewed and caused to be mailed the April 12, 2010 letter to Plaintiff. (SUMF ¶ 12). The financial and legal relationship between Defendant Carruthers and Defendant Law Office is the same. (SUMF ¶ 14).

Defendants prepared, reviewed and caused to be filed a lawsuit entitled *Allwell Financial Services, Inc. v. Damian M. Miranda* in the Superior Court of California, County of Kern on July 22, 2010. (SUMF ¶¶ 11, 14).

6

B.   **LEGAL STANDARD**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986) (internal quotation marks omitted). A fact is material if it could affect the outcome of the suit under the governing substantive law; "irrelevant" or "unnecessary" factual disputes will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986).

If the moving party would bear the burden of proof on an issue at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). In contrast, if the non-moving party bears the burden of proof on an issue, the moving party can prevail by "merely pointing out that there is an absence of evidence" to support the

non-moving party's case. *Id.*

When the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In ruling on a motion for summary judgment, a court does not make credibility determinations or weigh evidence. *See Anderson*, 477 U.S. at 255. Rather, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* Only admissible evidence may be considered in deciding a motion for summary judgment. Fed. R. Civ. P. 56(e). "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Soremekun*, 509 F.3d at 984.

C.   **ANALYSIS**

1.   First Cause of Action: Violation of Fair Debt Collection Practices Act

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To establish a violation

of the FDCPA, a plaintiff must show that: (1) plaintiff is a consumer; (2) plaintiff has been the object of collection activity arising from a consumer "debt" within the meaning of the FDCPA; (3) defendant is a "debt collector" as defined by the FDCPA; and (4) defendant has engaged in an act or omission in violation of the prohibitions or requirements of the FDCPA. *See Turner v. Cook*, 362 F.3d 1219, 1227-28 (9th Cir. 2004). The FDCPA imposes strict liability; debt collectors are liable for violations that are not knowing or intentional. *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008). There is, however, a "narrow exception" to strict liability for "bona fide errors." *Clark v. Capital Credit & Collection Serv., Inc.*, 460 F.3d 1162, 1177(9th Cir. 2006). Whether a debt collector's conduct violates the FDCPA is judged from the standpoint of the least sophisticated debtor: "If the least sophisticated debtor would 'likely be misled' by a communication from a debt collector, the debt collector has violated the Act." *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007). False but non-material misrepresentations are not likely to mislead the least sophisticated consumer, and therefore are not actionable under the FDCPA. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010).

Defendants do not dispute that Plaintiff is a consumer, or that she was the object of collection activity arising from

9

consumer debt. Defendants also do not contest that they are debt collectors within the meaning of the FDCPA. At issue is whether there is any triable issue of material fact that Defendants violated the FDCPA.

a)   FDCPA § 1692e(10)

(1)   Pending Court Proceedings

Plaintiff argues that he is entitled to partial summary judgment on Defendants' liability for violation of Section 1692e(10) of the FDCPA, which provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).

Plaintiff asserts that the April 12, 2010 letter is deceptive because the least sophisticated debtor would be misled into believing that a lawsuit had already been filed. The April 12, 2010 letter states in bold capital letters:

"NOTICE OF PENDING COURT PROCEEDINGS"

Doc. 22-3, 3.

Defendants assert that this phrase is not misleading because the letter was sent to Plaintiff after their client had already made the decision to file a lawsuit against Plaintiff, and the

10

lawsuit was filed before knowledge of Plaintiff's FDCPA claim existed. Doc. 25-3, ¶ 3. Defendants submit a dictionary[1] definition of pending to argue that their use of the word "pending" was correct and not misleading:

> *prep.* 1. while awaiting; until: *pending his return*. 2. In the period until the decision or conclusion of; during: *pending the negotiations. –adj.* 3. Remaining undecided; awaiting decision. 4. Hanging; impending.

Doc. 25-4, Ex. B.

It is undisputed that Defendants did not file *Allwell Financial Services, Inc. v. Damian M. Miranda* until July 22, 2010, three months after the April 12, 2010 letter. (SUMF ¶¶ 11, 14). Under the fourth definition of pending, Defendants' statement that court proceedings are "pending" is not false, i.e., that a lawsuit is impending. The letter, however, must be viewed from the vantage point of the "least sophisticated debtor." *Guerrero*, 499 F.3d at 934. "If the least sophisticated debtor would 'likely be misled' by a communication from a debt collector, the debt collector has violated the Act." *Id.* Most debtors, not only the least sophisticated debtor, would interpret "NOTICE OF PENDING COURT PROCEEDINGS" to mean that a lawsuit has already been filed; i.e., that court proceedings had been initiated and existed. The FDCPA imposes strict liability, even for violations that are not knowing or intentional. *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008).

---

[1] Defendants do not specify or cite the dictionary.

Plaintiff's motion for summary judgment as to liability under FDCPA § 1692e(10) for the statement "NOTICE OF PENDING COURT PROCEEDINGS" as false is GRANTED.

### (2)   Inevitability of Judgment

Plaintiff further asserts that the April 12, 2010 letter is deceptive because the least sophisticated investor would be misled into believing that the filing of the lawsuit would inevitably result in judgment against him or her. The April 12, 2010 letter states:

> If this suit results in a judgment, the balance will increase as you will be liable for all court costs, attorney fees, back interest, and service costs. When the judgment is obtained it will legally give me the right to seek and attach any real or personal assets that you may own.

Doc. 22-3, 3. Plaintiff focuses on the word "When" in the second sentence. The first sentence, however, states "If this suit results in judgment."  Whether the statement "When the judgment is obtained" would cause the least reasonable investor to believe that judgment is guaranteed is disputed and cannot be determined as a matter of law. This argument is contrived and itself distorts the plain language of the communication.

Plaintiff's motion for partial summary judgment as to Defendant's liability under 15 U.S.C. § 1692e(10) for the phrase "When the judgment is obtained" is DENIED.

### b)   FDCPA § 1692f

Plaintiff moves for partial summary judgment on Defendants'

12

violation of 15 U.S.C. § 1692f, which prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA does not define "unfair" or "unconscionable," but Section 1692f provides eight examples of violative conduct "without limiting the general application" of the statute. *See* 15 U.S.C. § 1692f. Although this list is not exhaustive, "[n]o evidence has been offered of any conduct by the defendants in the least comparable with the conduct condemned." *Fox v. Citicorp Credit Serv., Inc.*, 15 F.3d 1507, 1519 (9th Cir. 1994). Plaintiff simply argues the legal conclusion that Defendants' actions were "undoubtedly unfair and unconscionable." Plaintiff has not met his burden on summary judgment.

Plaintiff's motion for partial summary judgment as to Defendant's liability under 15 U.S.C. § 1692f is DENIED.

c)   FDCPA § 1692g(a)(3)

Plaintiff argues that Defendants failed to comply with the verification requirements of 15 U.S.C. § 1692g(a)(3)-(4), which requires:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-- . . .
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; . . . .

15 U.S.C. § 1692g(a)(3)-(4).

It is undisputed that the April 12, 2010 letter does not contain any verification language. In his declaration, Defendant Carruthers states: "My client had already sent Mr. Miranda a letter advising him of his validation rights." Doc. 25-3, ¶ 3. Only the "initial communication" triggers the validation and notice requirements of 15 U.S.C. § 1692g, even though subsequent debt collectors may send communications to the debtor for the same debt. *Senftle v. Landau*, 390 F.Supp.2d 463, 473 (D. Md. 2005); *Nichols v. Byrd*, 435 F.Supp.2d 1101, 1107 (D. Nev. 2006) (holding that where a validation notice had been sent by a debt collector, another debt collector hired to litigate for collection of the same debt need not supply a second validation notice); *Ditty v. CheckRite, Ltd., Inc.*, 973 F.Supp. 1320, 1329 (D. Utah 1997) ("Section 1692g does not require another debt collector, undertaking collection efforts after a validation notice has been timely sent, to provide additional notice and another thirty-day validation period."). Whether Defendant Carruther's client sent Plaintiff a letter advising him of his validation rights in compliance with 15 U.S.C. § 1692g raises a

genuine issue of material fact.

Plaintiff's motion for partial summary judgment as to Defendants' liability under 15 U.S.C. § 1692g is DENIED.

### 2. Second Cause of Action: Violation of California Rosenthal Fair Debt Collection Practices Act

Plaintiffs contend that they are entitled to partial summary judgment as to Defendants' liability under the CA FDCPA.

### a) Debt Collector

Defendants assert that they are not debt collectors within the meaning of the CA FDCPA. Cal. Civ. Code § 1788.2(c) defines "debt collector" as:

> [A]ny person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection, but does not include an attorney or counselor at law.

Cal. Civ. Code § 1788.2(c).

Plaintiff agrees that Defendant Carruthers is not a debt collector under Cal. Civ. Code § 1788.2(c). Citing two district court cases, Plaintiff argues that Defendant Law Firm is a debt collector within the meaning of CA FDCPA. *See Abels v. JBC Legal Group*, *P.C.*, 227 F.R.D. 541, 547-48 (N.D. Cal. 2005) ("Since the legislature specifically excluded attorneys from the statute but was silent on law firms, this Court presumes that the legislature did not intend to exclude law firms."); *Navarro v. Eskanos &*

*Adler*, 2007 WL 549904 at *5 (N.D. Cal. 2007). Other courts have reached the same conclusion. *See Robinson v. Managed Accounts Receivables Corp.*, 654 F.Supp.2d 1051, 1061 (C.D. Cal. 2009) (holding that a law firm may be a debt collector under the California FDCPA); *Owens v. Brachfeld*, 2008 WL 3891958 at *3 (N.D. Cal. 2008); *Silva v. Jason Head, PLC*, 2010 WL 4593704 at *5 (N.D. Cal. 2010). Defendants do not address Plaintiff's argument that Defendant Law Firm is a debt collector under CA FDCPA, and does not provide any contradictory authority. Evidence has been submitted that Defendant Law Firm regularly engages in debt collection. (SUMF ¶ 7). Defendant Law Firm is a debt collector under CA FDCPA.

### b)   CA FDCPA § 1788.13(j)

California Civil Code § 1788.13(j) prohibits debt collectors from collecting or attempting to collect consumer debts by the "false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made." Cal. Civ. Code § 1788.13(j). As discussed above, the April 12, 2010 letter would cause the least sophisticated debtor to believe that a lawsuit had already been filed.

Summary judgment is GRANTED as to Defendant Law Firm's liability under Cal. Civ. Code § 1788.13(j).

### c)   CA FDCPA § 1788.17

California Civil Code § 1788.17 incorporates by reference

16

the provisions of the FDCPA. As discussed above, summary judgment is granted in part under the FDCPA.

Summary judgment is GRANTED as to Defendant Law Firm's liability under Cal. Civ. Code § 1788.17.

IV.   <u>CONCLUSION</u>

For the reasons stated:

1. Plaintiff's motion to strike is GRANTED.

2. Plaintiff's motion for partial summary judgment is GRANTED in part and DENIED in part.

3. Plaintiff shall submit a proposed form of order consistent with this memorandum decision within five (5) days following electronic service of this memorandum decision.

SO ORDERED.

DATED:   <u>  May 23, 2011  </u>

<u>    /s/ Oliver W. Wanger    </u>
Oliver W. Wanger
United States District Judge